IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 5 2003

CLERK

BOBBY WILLIAMS,

    Plaintiff,

v.

JOHN SHANKS, et al.,

    Defendants

Civ. No. 03-0257 WPJ/RLP

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges Eighth Amendment violations by the three defendants remaining in this case, Donna Deming, M.D., Correctional Medical Services ("CMS"), and Associate Warden Moya.[2] At the time of the conduct complained of, Plaintiff was incarcerated; he has since been released.

2.     Plaintiff alleges that in September, 2002, he noticed a lump on his testicles and that prison medical personnel would not help him. He alleges he informed Associate Warden Moya of his medical condition but to no avail. He alleges that he was sent to

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] The other defendants were dismissed by the district court's order of May 22, 2003 [Doc. 6].



Grants, New Mexico where he was seen by Dr. Deming who referred him to another physician in Albuquerque. Plaintiff asserts that he has not been told the results of his surgery and that he is entitled to ongoing treatment for his cancer.

3. Summonses were issued for all three remaining defendants. Dr. Deming and C.M.S. have filed their Answers and Motions for Summary Judgment. Defendant Moya has not filed a return of service, an answer, or any pleading with the court. Plaintiff has not responded to either Motion for Summary Judgment.

4. A court may not grant a motion for summary judgment merely because the nonmoving party has failed to respond to the motion; instead, the court must ascertain whether the moving party has complied with Fed.R.Civ.P. 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Under Rule 56(c), the moving party

> *always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* (emphasis by the court) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (additional citation omitted, internal quotation marks omitted).

5. <u>Defendant Correctional Medical Services</u>. In support of its Motion, CMS submits the affidavit of its Regional Administrator, Cathie Rutin. She states that the contract between CMS and the New Mexico Department of Corrections expired on June 30, 2002 and was not renewed. *See* Exhibit A to Motion for Summary Judgment [Doc. 10], ¶ 3. She further states that CMS has not provided medical care at any New Mexico Department of Corrections facilities since that date. *Id.* at ¶ 4.

6. All of the incidents complained of by Plaintiff occurred between September, 2002 and January, 2003. I find that Defendant CMS has met its burden under Rule 56(c) by supporting its motion with Ms. Rutin's affidavit, which shows that CMS is entitled to judgment as a matter of law. See Reed, 312 F.3d at 1195.

7. Defendant Donna Deming, M.D. Dr. Deming also supports her motion with an affidavit and Plaintiff's medical records. These documents indicate that Plaintiff complained of a lump in his scrotum to a Certified Nurse Practitioner on October 29, 2002. Plaintiff told the nurse that he had first noticed the lump two days ago.[3] Dr. Deming examined Plaintiff on October 31, 2002 and ordered an ultrasound, which was performed on November 6, 2002. Dr. Deming then referred Plaintiff to another physician to perform any necessary surgery. On December 31, 2002 Plaintiff was transferred to another facility to have the surgery and Dr. Deming had no contact with Plaintiff after December 31, 2002. See Affidavit of Donna Deming, M.D. and medical records attached thereto [Doc. 13].

8. "Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." Hunt v. Uphoff, 190 F.3d 1220, 1224 (10th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). The court assumes that Plaintiff had a serious

---

[3] In his complaint, Plaintiff alleges that he advised Associate Warden Moya of his medical condition in September. The medical records indicate otherwise, as noted above, in ¶ 7. Moya has either not been served or has failed to file a waiver or return of service. In any event, Plaintiff's failure to respond to Defendants' Motions for Summary Judgment to rebut the factual allegations indicate he has no claim against Associate Warden Moya.

medical need. The documents submitted, however, indicate that Plaintiff cannot prevail on the requisite showing of deliberate indifference. *Id.*

9. There is nothing in the records submitted that indicate any delay in, or indifference to, Plaintiff's medical condition. Plaintiff told the nurse about the lump he found and he was seen shortly thereafter by Dr. Deming, who performed an examination and referred him to a surgeon, who was in charge of all follow-up care. Dr. Deming did not see Plaintiff again and on these facts Plaintiff has no Eighth Amendment claim.

## RECOMMENDED DISPOSITION

I recommend that Defendant Correctional Medical Services' Motion for Summary Judgment [Doc. 10] be granted; and

I recommend that Defendant Donna Deming, M.D.'s Motion for Summary Judgment [Doc. 15] be granted; and

I recommend that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge